# United States Court of Appeals
## For the First Circuit

No. 20-1541

CARLOS ANTONIO GRANADOS BENITEZ,

Petitioner,

v.

ROBERT M. WILKINSON, Acting United States Attorney General,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch and Selya, Circuit Judges,
and Laplante,[**] District Judge.

Paige Austin, with whom Philip L. Torrey, Make the Road New York, and the Harvard Law School Crimmigration Clinic were on brief, for petitioner.
Brian D. Straw, Gregory E. Ostfeld, and Greenberg Traurig, LLP on brief for ASISTA Immigration Assistance, Asian Pacific Institute on Gender-Based Violence, National Coalition Against Domestic Violence, National Network to End Domestic Violence, Safe Horizon, and Tahirih Justice Center, amici curiae.
Christopher Bates, with whom Jeffrey Bossert Clark, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, and William C. Minick, Attorney, Office of Immigration Litigation,

---

[*] Pursuant to Fed. R. of App. P. 43(c)(2), Acting Attorney General Robert M. Wilkinson has been substituted for former Attorney General William P. Barr.

[**] Of the District of New Hampshire, sitting by designation.

U.S. Department of Justice, were on brief, for respondent.

————————

January 28, 2021

————————

**LYNCH**, **Circuit Judge**.    Petitioner Carlos Antonio Granados Benitez seeks review of the Board of Immigration Appeals' ("BIA" or "Board") denial of his motion to reopen his removal proceedings and to remand to the immigration judge ("IJ") for further consideration in light of the fact that he had been placed on a waiting list by United States Citizenship and Immigration Services ("USCIS") for a U-1 nonimmigrant visa ("U visa") pursuant to the Victims of Trafficking and Violence Protection Act ("VTVPA"), Pub. L. No. 106-386, § 1513(a)(2)(A), (b), 114 Stat. 1464 (2000) (codified as amended at 8 U.S.C. § 1101(a)(15)(U)). Because we find that the BIA abused its discretion, in that it failed to render a reasoned decision that accords with its own precedent and policies, and it further failed to consider the position of its sister agency Immigration and Customs Enforcement ("ICE"), we grant the petition.  In so holding we join the views of the Seventh Circuit in Guerra Rocha v. Barr, 951 F.3d 848, 852-54 (7th Cir. 2020).

I.

Granados Benitez is a citizen of Honduras who entered the United States in 2010 without being lawfully admitted or paroled.  His wife and five-year-old daughter are US citizens. Granados Benitez says his wife suffers from a medical condition which prevents her from working and so he was the sole source of income for his family at least until his detention.  In a letter,

- 3 -

Granados Benitez's employer described him as "essential for the daily functioning" of the restaurant where he worked. His daughter's daycare also submitted a letter recounting the positive relationship Granados Benitez has with his daughter. St. Mary of the Isle Catholic Church submitted a letter confirming that Granados Benitez is a parishioner. The IJ credited Granados Benitez's testimony that he left Honduras to avoid pressure to participate in drug-trafficking activity, in part because of his strong religious convictions.[1]

On November 29, 2018, the Department of Homeland Security ("DHS") issued Granados Benitez a Notice to Appear, charging him with removability for being present in the United States without being lawfully admitted or paroled. DHS began removal proceedings against him on December 6, 2018. Granados Benitez admitted the factual allegations in the Notice to Appear, but applied for asylum and protection under the Convention Against Torture.[2] The IJ found his claims credible, but nonetheless

---

[1] We acknowledge and thank the amici curiae for their helpful joint submission in this matter.

[2] To qualify for asylum, the petitioner "must demonstrate either past persecution or a well-founded fear of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Villa-Londono v. Holder, 600 F.3d 21, 24 (1st Cir. 2010) (quoting Seng v. Holder, 584 F.3d 13, 18 (1st Cir. 2009), superseded in part by statute, REAL ID Act, Pub. L. No. 109-13, § 101(a)(3), 119 Stat. 302, 303 (2005), as recognized in Ahmed v. Holder, 765 F.3d 96, 99 (1st Cir. 2014)). Granados Benitez claimed past persecution on

- 4 -

ordered his removal on May 15, 2019, because his allegations of mistreatment in Honduras did not rise to the level of past persecution, and Granados Benitez had not shown they were perpetrated on the basis of his protected characteristics. On June 6, 2019, Granados Benitez appealed the removal order to the BIA. The BIA dismissed his appeal on October 17, 2019.

While Granados Benitez's removal proceedings were ongoing, he filed a separate application to USCIS for a U visa.[3]

To promote greater cooperation with law enforcement, Congress passed the VTVPA, which permits USCIS to issue up to 10,000 U visas each fiscal year to aliens without legal status who are victims of a qualifying crime and substantially assist law enforcement in the investigation and prosecution of the offense.

---

two protected grounds: (1) his Catholicism, and (2) his family unit. He said he had been repeatedly pressured by relatives and others to join narco-trafficking activities, which his religious beliefs prevented him from doing. He testified to the IJ that when he was fourteen, police officers associated with drug traffickers had beaten him with the butt of a rifle for refusing to transport drugs and that he had been hospitalized as a result of his injuries. On other occasions his cousins had mocked him for refusing to participate in drug-trafficking activities.

[3] Separately, Granados Benitez's wife filed an I-130 immediate relative petition, which permits "certain relatives of United States citizens to obtain lawful permanent resident ('LPR') status based on a family relationship." Neang Chea Taing v. Napolitano, 567 F.3d 19, 21 (1st Cir. 2009) (citing 8 U.S.C. § 1151(a)(1)). Granados Benitez raised this pending petition in his motion to reopen and remand before the BIA, but he does not seek review of the portion of the BIA's decision discussing the I-130 petition.

VPTA, Pub. L. No. 106-386, § 1513(a)(2)(A), (b), 114 Stat. 1464, 1533 (2000) (codified as amended at 8 U.S.C. § 1101(a)(15)(U)). The Secretary of Homeland Security must determine that: (1) "[the visa applicant] has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity described [elsewhere in the statute]"; (2) "[he or she] . . . possesses information concerning criminal activity described [elsewhere in the statute]"; (3) "[he or she] . . . has been helpful, is being helpful, or is likely to be helpful . . . [in the] investigati[on] or prosecuti[on of] criminal activity described [elsewhere in the statute]"; and (4) "the criminal activity described [elsewhere in the statute] violated the laws of the United States or occurred in the United States . . . or the territories and possessions of the United States."  8 U.S.C. § 1101(a)(15)(U)(i).

Because of the statutory cap, many people who are otherwise eligible to receive a U visa in a given fiscal year are unable to do so.  8 U.S.C. § 1184(p)(2).  USCIS reports, for example, that:

> At the end of 2019, there were nearly 152,000 pending principal [U visa] petitions and nearly 104,000 pending petitions for family members.  Because the number of individuals issued principal [U visas] or provided principal U-1 nonimmigrant status in any fiscal year cannot exceed 10,000, the wait time for a principal petitioner to receive a final decision (and status, if approved) is currently 5-10 years . . . .

USCIS, U Visa Filing Trends: Analysis of Data through FY 2019, 3 (2020) (footnote omitted), https://www.uscis.gov/sites/default/files /document/reports/Mini_U_Report-Filing_Trends_508.pdf.  USCIS will add people who are unable to receive a U visa solely because of the statutory cap to a waitlist, and will defer removal proceedings for those individuals.  USCIS, Adjudicator's Field Manual ("Field Manual") § 39.1(d)(2) (2008), https://www.uscis.gov/s ites/default/files/document/policy-manual-afm/afm39-external.pdf.[4]

On June 12, 2017, Granados Benitez was the victim of an armed robbery near his home in Island Park, New York.[5]  As defined by New York law, armed robbery is a qualifying offense under the VTVPA.  See 8 U.S.C. § 1101(a)(15)(U)(iii); N.Y. Penal Law § 120.00(1) (McKinney); see also id. § 10.00(9).  Granados Benitez cooperated with law enforcement and assisted with the prosecution of his attackers.  The Nassau County Police Department submitted a certification attesting to his cooperation in the investigation and prosecution of his attack, and on July 19, 2019, shortly after

---

[4]    USCIS is retiring the Adjudicator's Field Manual and replacing it with the USCIS Policy Manual.  But this portion of the Field Manual remains in effect, and was in effect at all times relevant here.  See Field Manual § 39.

[5]    Granados Benitez lives with his family in Island Park, New York, but he was transferred to the Plymouth County House of Corrections in Massachusetts, and his claims were adjudicated by an IJ in Massachusetts, so venue is appropriate in this circuit. 8 U.S.C. § 1252(b)(2).

receiving the certification, Granados Benitez filed a petition for U nonimmigrant status with USCIS.

On September 23, 2019, USCIS sent Granados Benitez a letter stating:

> At this time, the evidence submitted with your petition appears to demonstrate that you have established the eligibility requirements for U nonimmigrant status. However, the statutory cap for U-1 nonimmigrant status has been reached for this fiscal year. . . . <u>As the fiscal year limit is the sole reason you cannot be granted U-1 nonimmigrant status, your petition is being placed on a waiting list</u>. (Emphasis added.)

USCIS also granted Granados Benitez deferred action, meaning that it would not attempt to proceed with deportation proceedings until it revoked the deferred action protection. See <u>Lopez-Reyes</u> v. <u>Gonzales</u>, 496 F.3d 20, 22 (1st Cir. 2007). The information about Granados Benitez's USCIS petition was not available to the IJ at Granados Benitez's initial merits hearing, or to the Board in Granados Benitez's appeal because Granados Benitez did not receive his waitlist determination until the appeal was under consideration.

On November 12, 2019, Granados Benitez timely filed with the BIA a "Motion to Reopen and Remand Case" to the IJ based on his USCIS waitlist letter. He requested "that his case be reopened and [the] removal order vacated in light of a grant of deferred action from [USCIS] because [Granados Benitez] has demonstrated

eligibility for U nonimmigrant status." He stated that "[d]eportation [s]hould be [s]tayed and the [c]ase [r]eopened and [r]emanded because Mr. Granados was [p]laced on the U [n]onimmigrant [v]isa [w]aitlist." He also raised other arguments relating to his wife's I-130 petition and his request for voluntary departure. He asked the BIA to reopen the case and remand to the IJ for further consideration of those issues. Granados Benitez did not request termination of his removal proceedings at any point in the motion.

On April 30, 2020, the BIA issued a decision, captioned "APPLICATION: Reopening; stay; voluntary departure." It stated that "under the circumstances presented with the motion, we do not find that reopening of these proceedings is appropriate." The BIA ordered that "[t]he motion and stay request are denied." It gave two reasons for its denial of the portion of Granados Benitez's motion relating to his U visa application. First, the BIA claimed it could only reopen Granados Benitez's case if the U visa was granted. It stated, "[t]he regulations permit an alien to file a motion to reopen and terminate proceedings upon approval of U nonimmigrant status. . . . In this case, the respondent has not been approved for U nonimmigrant status." It purported to rely on language in 8 C.F.R. § 214.14(c)(5)(i), which states:

> [When an application for a U visa is granted]
> [a] petitioner who is subject to an order of
> exclusion, deportation, or removal issued by

- 9 -

an immigration judge or the Board may seek cancellation of such order by filing, with the immigration judge or the Board, a motion to reopen and terminate removal proceedings.

Second, the BIA weighed the fact that Granados Benitez could pursue his U visa application in spite of the removal order. It stated, "[Granados Benitez] is not precluded from obtaining a U visa from the USCIS despite being the subject of a final order of removal," and it claimed he could "file a new motion to reopen and terminate proceedings" if and when USCIS issued him a U visa. The BIA also rejected Granados Benitez's other grounds for reopening and remand.

On May 29, 2020, Granados Benitez timely petitioned this court for review of the BIA's denial of his motion to reopen.

II.

A. Standard of Review.

This court reviews the BIA's denial of a motion to reopen for abuse of discretion. Smith v. Holder, 627 F.3d 427, 433 (1st Cir. 2010). "The BIA has broad discretion, conferred by the Attorney General, to grant or deny a motion to reopen." Id. (internal quotation marks omitted) (quoting Kucana v. Holder, 558 U.S. 233, 250 (2010)). To demonstrate an abuse of discretion "the complaining party" must "show that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way." Shah v. Holder, 758 F.3d 32, 36 (1st Cir. 2014)

- 10 -

(quoting Liu v. Holder, 727 F.3d 53, 56 (1st Cir. 2013)); see also Wanjiku v. Barr, 918 F.3d 215, 221 (1st Cir. 2019). This standard is met when the Board "neglect[s] to consider a significant factor that appropriately bears on the discretionary decision, [or] . . . attach[es] weight to a factor that does not appropriately bear on the decision." Murillo-Robles v. Lynch, 839 F.3d 88, 91 (1st Cir. 2016) (quoting Henry v. I.N.S., 74 F.3d 1, 4 (1st Cir. 1996)). The BIA also abuses its discretion if it "inexplicably depart[s] from established policies, or rest[s] [its decision] on an impermissible basis." Leblanc v. I.N.S., 715 F.2d 685, 693 (1st Cir. 1983) (quoting Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir. 1982)). With the abuse of discretion rubric, we review the BIA's determinations of law de novo. Da Silva Neto v. Holder, 680 F.3d 25, 28 (1st Cir. 2012).

B. Analysis.

We conclude that the Board has abused its discretion in this case because it failed to follow its own precedents, persuasive circuit law, and DHS policies in denying Granados Benitez's motion to reopen and remand to the IJ. Further, the Board failed to address ICE Directive 11005.2: Stay of Removal Requests and Removal Proceedings Involving U Nonimmigrant Status (U Visa) Petitioners. Finally, we reject the Board's argument -- raised for the first time at oral argument -- that the appropriate remedy for a finding of abuse of discretion is remand to the Board,

- 11 -

without instructions to remand to the IJ. We emphasize that we do not decide the merits of any motion to continue, except to note Granados Benitez has made out a prima facie case for relief under the existing standard, entitling him to remand to the IJ.

To prevail on a motion to reopen before the BIA, the movant must show "new, material evidence that was not available or discoverable at the prior hearing and must also present a prima facie case of eligibility for the relief sought." Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013) (first citing Fesseha v. Ashcroft, 333 F.3d 13, 20 (1st Cir. 2003); and then citing 8 C.F.R. § 1003.2(c)(1)).

The BIA does not dispute that Granados Benitez raised new evidence not available at his merits hearing by presenting the fact that he had been added to the U visa waitlist.

Rather, the Board states Granados Benitez did not show that he was prima facie eligible for the relief he sought: in this case, remand and temporary relief from his removal proceedings based on the U visa waitlist determination. But it is the IJ who customarily grants a continuance, and so Granados Benitez explicitly asked for the appropriate relief from the Board: reopening the proceedings and remanding to the IJ for consideration of further relief. In concluding that Granados Benitez was not eligible for that relief, the Board noted that his visa petition was "only pending," that he was ineligible for a status adjustment

under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1225(a), and that his plans to pursue consular processing were "speculative."

In light of the fact that the motion filed by Granados Benitez is a motion to reopen and seek a continuance from the IJ, we conclude the Board abused its discretion. It abused its discretion by failing to conduct a proper analysis, failing to consider its own policies and precedents, and ignoring the position of its sister agency, ICE. The Board did not analyze whether Granados Benitez made out a prima facie case for a continuance under the appropriate standard.

The current standard set by the Board for a continuance in light of a U visa application is well settled. On remand from the Ninth Circuit, the Board in Matter of Sanchez Sosa, 25 I. & N. Dec. 807 (B.I.A. 2012), set out the three factors IJs should consider in ruling on such a motion. These are: "(1) the DHS's response to the motion; (2) whether the underlying visa petition is prima facie approvable; and (3) the reason for the continuance and other procedural factors." Id. at 812-13. The BIA also stated, "[a]s a general rule, there is a rebuttable presumption that an alien who has filed a prima facie approvable [U visa] application with the USCIS will warrant a favorable exercise of discretion for a continuance for a reasonable period of time." Id. at 815.

Since Sanchez Sosa, the Board and the Attorney General have revisited the standard for continuances in two published decisions. Neither replaces the Sanchez Sosa standard for evaluating continuances based on a U visa waitlist determination. In Matter of L-A-B-R-, 27 I. & N. Dec. 405 (A.G. 2018), the Attorney General stated that a continuance should be granted only for "good cause," and that the IJ "must focus principally" on "(1) the likelihood that the alien will receive the collateral relief [underlying the motion for a continuance], and (2) whether the relief will materially affect the outcome of the removal proceedings." Id. at 413. These factors are consistent with the Sanchez Sosa factors. In Matter of L-N-Y-, 27 I. & N. Dec. 755 (B.I.A. 2020), the Board cited approvingly the Sanchez Sosa standard, but found that the petitioner in that case had failed to diligently pursue a U visa, when he had been eligible to do so for almost ten years before eventually filing his application with USCIS. Id. at 757-58. These unusual circumstances are not present in this case.

Decisions from other circuits further support our view that the Board must follow the Sanchez Sosa framework, or explain its reasons for applying a different standard. This court has not previously considered the issue. But the Seventh Circuit found the Board abused its discretion by denying a motion to remand removal proceedings to the IJ for consideration of a motion to

- 14 -

continue in light of a U visa application because the court found the Board's analysis of the Sanchez Sosa factors too cursory. Guerra Rocha, 951 F.3d at 853. In Guerra Rocha the petitioner sought asylum in the United States. Id. at 850. While in the U.S., she was the victim of a crime, and applied to USCIS for a U visa. Id. On appeal from the denial of her asylum claim, Guerra Rocha raised her pending U visa application and asked the Board to remand her case to the IJ to consider a motion to continue. Id. at 851. The Board "summarily" denied her request for a remand to consider a continuance. Id. The Seventh Circuit stated "[t]he BIA performed only a cursory analysis of Guerra Rocha's case -- one that fell considerably short of Sanchez Sosa's requirements." Id. at 853. In particular, the Board failed to consider the probability that relief would be granted.[6] Id.

The Board itself has also found that a U visa waitlist determination warranted reopening and remand, using the Sanchez Sosa standard, in at least two unpublished decisions. In In re

_____

[6] The Second Circuit's unpublished decision in Cortes-Gomez v. Barr, 765 Fed. App'x 593, 598-99 (2d Cir. 2019) (unpublished decision), supports this view. In that case the petitioner appealed from the IJ's denial of a continuance in light of the petitioner's U visa application. Id. at 595-96. The petitioner had not yet received a waitlist determination or any other decision from USCIS, but he had the necessary materials in his application. See id. at 598 & n.4. The Board dismissed the appeal. In that case the Second Circuit concluded the Board abused its discretion by failing to adequately explain why a U visa was not prima facie available in considering the second Sanchez Sosa factor. Id. at 598-99.

- 15 -

Rosales De La Cruz, No. A088 806 933, 2016 WL 946691 (B.I.A. Feb. 18, 2016) (unpublished decision), the Board reopened and "remanded [the matter] to the Immigration Judge for further proceedings" where the petitioner provided evidence that his spouse had submitted a U visa application in which he was listed as a derivative beneficiary and that his spouse was prima facie eligible for a U visa. Id. at *1. In In re Ramirez-Rios, No. A088 658 419, 2016 WL 1084499 (B.I.A. Feb. 29, 2016) (unpublished decision), the Board issued an almost identical decision in similar circumstances. See id. at *1. This court gives the Board's unpublished opinions less weight than its published decisions. But "we see no earthly reason why the mere fact of nonpublication should permit an agency to take a view of the law in one case that is flatly contrary to the view it set out in earlier (yet contemporary) cases." Thompson v. Barr, 959 F.3d 476, 487 (1st Cir. 2020) (quoting Dávila-Bardales v. I.N.S., 27 F.3d 1, 5-6 (1st Cir. 1994)).

We conclude that Sanchez Sosa remains the applicable standard for considering whether a continuance is likely to be available. In this case, the Board did not even cite to that standard. Rather, it mischaracterized Granados Benitez's request as a motion to reopen and terminate proceedings, and denied his application under the standard for that different motion. In doing so it "inexplicably departed from established policies," Leblanc,

- 16 -

715 F.2d at 693 (quoting Balani, 669 F.2d at 1161), and "attach[ed] weight to a factor that does not appropriately bear on the decision," Murillo-Robles, 839 F.3d at 91 (quoting Henry, 74 F.3d at 4).

The Board's arguments in response are meritless. Before this court, the Board again mischaracterizes Granados Benitez's motion to reopen and remand as a motion to reopen and terminate. On that basis, it argues that the Board properly applied 8 C.F.R. § 214.14(c)(5)(i), which refers to motions to reopen and terminate removal proceedings. There is no support in the record for this reading of Granados Benitez's motion. The motion is captioned "Motion to Reopen and Remand Case." In the motion, Granados Benitez asks for reopening, remand, and a stay. He does not use the word "terminate" or any of its synonyms to describe the relief he seeks. The Board's own decision was captioned "APPLICATION: Reopening; stay; voluntary departure." The caption did not mention termination of removal proceedings. And the Board stated in its decision, "[Granados Benitez] filed a timely motion to reopen . . . [and] also requests a remand for consideration of voluntary departure and a stay of removal." The only mention of a motion to terminate removal proceedings comes from the Board's discussion of § 214.14(c)(5)(i). The Board has not explained why § 214.14(c)(5)(i) applies to Granados Benitez's motion, which is properly construed as a motion to reopen and remand, not a motion

to reopen and terminate removal proceedings. Section 214.14(c)(5)(i) says nothing about motions, like Granados Benitez's, to reopen and remand. Nor does § 214.14(c)(5)(i) indicate that it is the exclusive mechanism for a U visa waitlist recipient to reopen his or her removal proceedings. It states only that in the circumstances outlined in that regulation a petitioner "may" file a motion for reopening and termination of removal proceedings.[7] Id.

The Board also claims Guerra Rocha, 951 F.3d at 851, and Cortes-Gomez v. Barr, 765 Fed. App'x 593, 595-96 (2d Cir. 2019), are distinguishable because in those cases the petitioners raised their motions to remand during their appeals to the Board when there was not yet a final order of removal, instead of during a post-appeal motion after a final order of removal had been issued. But the Board points to no case law that indicates that post-appeal motions to reopen are subject to a different standard. And the Board has applied the same Sanchez Sosa standard to post-appeal motions to reopen in its unpublished decisions. See Ramirez-Rios, 2016 WL 1084499, at *1; Rosales De La Cruz, 2016 WL 946691, at *1.

---

[7] Because 8 C.F.R. § 214.14(c)(5)(i) plainly does not prohibit the relief Granados Benitez seeks, we do not reach any legal questions about the Board's interpretation of the remainder of the regulation.

- 18 -

Further, the Board ignored a second inconsistency between its decision in this case and the position taken by the parts of DHS tasked with the administration and enforcement of immigration laws. Granados Benitez cited in his motion to reopen ICE Directive 11005.2: Stay of Removal Requests and Removal Proceedings Involving U Nonimmigrant Status (U Visa) Petitioners. Several sections in ICE Directive 11005.2 are relevant to this petition for review.

The Directive states:

> [I]t is ICE policy to respect USCIS's grant of deferred action to a U visa petitioner. Accordingly, ICE will not remove a U visa petitioner or qualifying family member whom USCIS has placed on the waiting list and granted deferred action unless a new basis for removal has arisen since the date of the waiting list placement or USCIS terminates deferred action.

U.S. Immigr. & Customs Enf't, ICE Directive 11005.2: Stay of Removal Requests and Removal Proceedings Involving U Nonimmigrant Status (U Visa) Petitioners § 2 (2019) ("ICE Directive 11005.2"). The Directive defines a "[U visa] Waiting List Determination" as "[a] USCIS decision on a U visa petition that is the functional equivalent of a full adjudication on the merits of the petition." Id. at § 3.5 (emphasis added). It states "[a] petitioner is placed on the waiting list when, due solely to the statutory cap, a U-1 nonimmigrant visa is not currently available." Id. The Directive further states, "[i]n cases involving pending U visa

- 19 -

petitioners . . . [ICE] attorneys will consider the totality of the circumstances . . . when determining whether to exercise discretion to grant or deny a Stay of Removal or join a motion to terminate removal proceedings." Id. at § 2.

USCIS and ICE are responsible for the administration of immigration services and the enforcement of immigration laws, respectively. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. USCIS has granted Granados Benitez deferred action because of his U visa waitlist status. Directive 11005.2 states that ICE policy is to defer to that determination. Independently, ICE recognizes that U visa waitlist status entitles some aliens to relief from removal proceedings in appropriate circumstances. The Board correctly argues that it is not bound by ICE's guidance, which by its own terms applies only to that agency. ICE Directive 11005.2 § 3. But the fact that two agencies within DHS, which are responsible for administering the bulk of immigration laws, agree with Granados Benitez that U visa waitlist status entitles him to relief from removal proceedings is at least a "significant factor" that should weigh on the Board's analysis of that issue. See Murillo-Robles, 839 F.3d at 91 (quoting Henry, 74 F.3d at 4). Again, the Board does not even purport to have considered this issue in denying Granados Benitez's motion, even though he expressly raised the issue in his motion. Here, too, the Board "neglect[ed] to consider a significant factor" in

exercising its discretion in this case. Id. (quoting Henry, 74 F.3d at 4).

The Board's remaining arguments are also meritless. It states that Granados Benitez failed to exhaust any claim that he would be entitled to a continuance from the IJ under Sanchez Sosa because he did not raise that argument in his brief to the Board. We disagree. "The purpose of [the administrative exhaustion] requirement is to prevent the courts from usurping the agency's functions and to 'allow[] the agency the first opportunity to correct its own bevues.'" Meng Hua Wan v. Holder, 776 F.3d 52, 56 (1st Cir. 2015) (alteration in original) (quoting Mazariegos-Paiz v. Holder, 734 F.3d 57, 63 (1st Cir. 2013)). Here, the IJ has the power to grant a continuance. See 8 C.F.R. § 1003.29. Granados Benitez sought from the Board the relief that the Board was able to grant -- reopening and remand to the IJ for further proceedings. It is clear from his motion that Granados Benitez was seeking remand to the IJ so that he could seek further temporary relief from his removal proceedings. The Board had a full opportunity to consider those arguments. There was no failure to exhaust.

The Board also argues that it left open the possibility that Granados Benitez could refile his motion to reopen once USCIS formally approved his application for a U visa, so Granados Benitez has not exhausted his administrative remedies because he could get relief in some future proceeding. Again, we disagree. The fact

that Granados Benitez could, in theory, get relief in some new administrative proceeding in the future does not undermine the fact that he has exhausted all administrative avenues available to him in his current claim.

At oral argument, the Board also argued for the first time that if this court were to find that its denial of the motion to reopen was an abuse of discretion, this matter should be remanded to the Board without instructions to remand to the IJ. Counsel stated that the Board may wish to "provide guidance" to the IJ as to how the Sanchez Sosa factors apply. The Board has provided us with no reason to do what it newly argues.

## III.

Accordingly, we grant the petition. The decision of the Board is vacated and this matter is remitted to the Board with directions that the Board grant the motion to reopen and remand the case to the IJ for further proceedings consistent with this opinion.