# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 16-4322

———————————————

Joseph Charagu Njoroge

*Petitioner*

v.

Jefferson B. Sessions, III

*Respondent*

—————————

Petition for Review of an Order of the
Board of Immigration Appeals

—————————

Submitted: November 24, 2017
Filed: December 14, 2017
[Unpublished]

—————————

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

—————————

PER CURIAM.

Kenyan citizen Joseph Charagu Njoroge petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ), which denied him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The record reveals that Njoroge was placed in removal proceedings in 2011 for attempting to procure an

immigration benefit by fraud. After an IJ sustained the charge of removability, and Njoroge submitted an asylum application in 2014, claiming that he was a Christian who had opposed the Mungiki – a Kenyan criminal gang that practiced the traditional Kikuyu religion – and that the gang had threatened him in the 1990s because he resisted recruitment.

The IJ who had determined that Njoroge was removable retired in June 2015, and so the decision denying immigration relief was of necessity issued by a different IJ, who stated that he had considered all of the record evidence, both documentary and testimonial, and that he had found that Njoroge's evidence was not credible because of certain discrepancies between his testimony and other evidence. With respect to the merits of Njoroge's claims for relief, the second IJ determined that, among other things, Njoroge had not (1) demonstrated that he had suffered any harm in Kenya, (2) shown a nexus between any alleged harm and a protected ground, (3) established that his fear of future persecution by the Mungiki was subjectively real or objectively reasonable, or (4) met his burden of proof for withholding of removal or CAT relief.[1] Njoroge, through new counsel, appealed to the BIA, raising several due-process arguments, including one based on the fact that the IJ who issued the denial was not present at Njoroge's merits hearing.

The BIA addressed both Njoroge's due-process arguments and the merits of his application, and based its determinations on Njoroge's own testimony, without mentioning Njoroge's credibility. It found no evidence to suggest that Njoroge was deprived of his right to a full and fair removal hearing. It found no clear factual error in the determinations that (1) Njoroge had failed to establish past persecution or a

---

[1]Because Njoroge's brief does not meaningfully challenge the determination that his asylum claim was time-barred, or the BIA's reasons for affirming the IJ's denial of his applications for immigration relief on the merits, he has forfeited review as to those issues. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

-2-

well-founded fear of future persecution on the basis of a protected ground; (2) had failed to show a nexus between threats from the Mungiki and his religion or any other protected ground; and (3) had failed to establish that it was more likely than not that he would be tortured by, or at the instigation of, or with the consent or acquiescence of, the government.

Njoroge contends that he was denied due process and that several regulatory and statutory requirements were violated by reason of the second IJ's credibility determinations made in the absence of an opportunity to observe Njoroge's demeanor in a face-to-face setting. He further asserts that the BIA addressed only his constitutional right to procedural due process and thus did not consider whether the credibility determination violated the REAL ID Act's "totality of the circumstances" test, or the BIA's own precedents.[2] He argues that the Act and BIA precedent require an IJ to base his credibility determination at least in part on an alien's demeanor.

We conclude that Njoroge was not deprived of due process, nor were the REAL ID Act and BIA precedent violated by reason of the reassignment of his case of a successor IJ, because it was the BIA's decision that constituted the final reviewable agency action, which did not rely on the credibility determination when it analyzed the merits of Njoroge's claims. See Matul-Hernandez v. Holder, 685 F.3d 707, 710-11 (8th Cir. 2012) (court reviews BIA's decision as it is final agency decision, and, to extent that BIA adopted IJ's findings or reasoning, also reviews IJ's determination as part of final agency action); cf. INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam) (holding that courts and agencies are not required to make findings on issues the determination of which are not necessary to disposition).

---

[2]See 8 U.S.C. § 1158(b)(1)(B)(iii) (permitting a judge, "[c]onsidering the totality of the circumstances and all relevant factors," to base credibility determination on a non-exhaustive list of relevant factors).

The petition is denied.  <u>See</u> 8th Cir. R. 47B.

_____