# United States Court of Appeals
### For the Eighth Circuit
_____

No. 17-2044
_____

Carlos Caballero-Martinez

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

No. 18-1198
_____

Carlos Caballero-Martinez

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 11, 2018
Filed: April 3, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

SMITH, Chief Judge.

Carlos Caballero-Martinez petitions for review of two orders from the Board of Immigration Appeals (BIA). The first order denied his motion to administratively close or remand to the immigration judge and the second order denied his motion to reopen and reconsider the first denial. We grant the petition for review and affirm in part and remand in part.

## I. *Background*

A native and citizen of Mexico, Caballero-Martinez entered the United States illegally in 2000. He has four children, three of whom are United States citizens.

In September 2011, the Department of Homeland Security (DHS) initiated removal proceedings against Caballero-Martinez. At his removal hearing, Caballero-Martinez admitted to being in the United States illegally. However, he requested cancellation of removal under 8 U.S.C. § 1229b. Section 1229b(b)(1)(D) allows for cancellation of removal if the "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Caballero-Martinez claimed his children would suffer "exceptional and extremely unusual hardship" if he were removed.

Immigration Judge (IJ) Paula Davis conducted Caballero-Martinez's removal hearing. However, IJ Davis retired before issuing a decision; the case was then

assigned to IJ Glen Baker. IJ Baker reviewed the proceedings and IJ Davis's draft decision, and he adopted "the reasoning and conclusions therein." Pet'r's Add. at 20.

In a February 2016 order, IJ Baker found Caballero-Martinez's "children [were] good students in school and [did] not have any learning problems or other mental health problems." *Id.* at 18. He noted that "[t]he principal hardship factor identified by [Caballero-Martinez] is difficulty in finding work in his hometown and that he would struggle [to] find a place for his family to live." *Id.* Though the IJ found Caballero-Martinez's hardship testimony credible, he ultimately held that Caballero-Martinez had "not provided evidence to establish that his qualifying relatives would suffer hardship that is substantially different from, or beyond that, which would normally be expected to result from deportation of an alien with close family members in the United States." *Id.* at 19.

In March 2016, Caballero-Martinez appealed IJ Baker's order to the BIA. He again argued his children would suffer "exceptional and extremely unusual hardship" if he returned to Mexico; he also argued that, by allowing a judge who had not been present at his cancellation hearing to issue a decision in his case, the immigration court had violated his due process rights as well as the Immigration and Naturalization Act (INA) and its implementing regulations.

While the appeal was still pending, Caballero-Martinez became the victim of a criminal assault. Based on this development, Caballero-Martinez applied to the United States Citizenship and Naturalization Services (USCIS) for a U Visa. The U Visa (Form I-918) is a type of non-immigrant visa available to crime victims who assist law enforcement. In November 2016, Caballero-Martinez filed a motion with the BIA to remand for a continuance, or, in the alternative, for administrative closure of removal proceedings, pending adjudication of his U Visa petition. Caballero-Martinez also contended the BIA should remand to allow the IJ to consider additional hardship evidence, claiming his children had begun performing poorly in

school. DHS opposed the motion. USCIS did not issue a Form I-797 Notice of Action—i.e. a filing receipt for Caballero-Martinez's U Visa petition—until December 2016, after he filed his motion to remand.

The BIA denied Caballero-Martinez's motion to remand or administratively close in April 2017 ("the April order"). The April order began by finding IJ Baker's decision was neither substantively nor procedurally unsound, citing regulations permitting the use of substitute IJs. The BIA then found Caballero-Martinez's additional hardship evidence was unlikely to alter the outcome of his case and thus declined to remand. The BIA also declined to administratively close or remand pending the U Visa petition's adjudication, explaining that Caballero-Martinez "ha[d] not put forward an adequate basis to temporarily remove his case from the Board's docket or, if remanded, from the Immigration Judge's active calendar." *Id.* at 9. The BIA noted in a footnote that Caballero-Martinez had not provided evidence, such as a "Notice of Action," that his application had been received by USCIS. The BIA also explained that "[t]he regulations provide exclusive jurisdiction over [U Visa] applications to the DHS and also specifically address U [V]isa 'petitioners' with final orders of removal. The filing of the application has no effect on the Government's authority to execute a final order . . . ." *Id.* (internal citation omitted). The order did not specify whether it was denying Caballero-Martinez's request on jurisdictional or evidentiary grounds.

After receiving a filing receipt from USCIS, Caballero-Martinez moved the BIA to reopen and reconsider his case in May 2017. The BIA denied his request for reconsideration in December 2017 ("the December order"), explaining that Caballero-Martinez's "motion relies on evidence that he submitted on appeal and by motion." *Id.* at 3. The BIA also declined to reopen, reiterating that the hardship evidence presented as part of his November 2016 motion was not sufficient to change the outcome of the proceedings. Finally, the BIA reaffirmed its refusal to administratively close proceedings "based on [Caballero-Martinez's] intent to pursue

-4-

a U visa application." *Id.* The BIA explained that in the April order, "we noted that [Caballero-Martinez] purported that he mailed the U [V]isa application to USCIS but he did not provide evidence that the application was received, such as by a Notice of Action (Form I-797). While [Caballero-Martinez] has now included receipt of his [U Visa] application, this does not alter the reasons for our denial of his request for administrative closure." *Id.* at 3–4.

Caballero-Martinez now petitions this court for review of both the BIA's April and December orders. Caballero-Martinez argues the BIA's April order failed to address whether the use of a substitute IJ violated the INA or its implementing regulations. He also argues the BIA erred in its April order by applying the incorrect standard to his motion to remand for consideration of additional hardship evidence and by denying his motion to remand for a continuance pending the adjudication of his U Visa petition. Additionally, he argues the BIA erred in its December order by declining to reopen and reconsider his case after he provided proof of his U Visa's filing.

## II. *Discussion*
### A. *Use of a Substitute IJ*

Caballero-Martinez argues the BIA failed to address whether using a substitute IJ violated the INA or its implementing regulations in its April order; he claims the BIA exclusively addressed his due process argument. We disagree and affirm the BIA's decision to allow the use of the substitute IJ.

We have previously upheld the use of substitute IJs in immigration cases. *See Njoroge v. Sessions*, 709 F. App'x 380, 381 (8th Cir. 2017) (per curiam). In *Njoroge*, the IJ who conducted the petitioner's removal hearing retired before issuing a decision, so the decision was issued by a substitute IJ. *Id.* at 380. Upon reviewing the evidence, the substitute IJ determined the petitioner was not credible and denied his asylum claim. *Id.* On appeal from a BIA order sustaining the substitute IJ's denial,

petitioner contended "that several regulatory and statutory requirements were violated by reason of the second IJ's credibility determinations made in the absence of an opportunity to observe [the petitioner's] demeanor in a face-to-face setting." *Id.* at 381. However, we held that "because it was the BIA's decision that constituted the final reviewable agency action, which did not rely on the credibility determination when it analyzed the merits of [the petitioner's] claims," the petitioner's rights had not been violated. *Id.*

Caballero-Martinez attempts to distinguish *Njoroge* by arguing the BIA here "explicitly affirmed the IJ's factual findings," Pet'r's Br. at 27, while the BIA in *Njoroge* did not rely on the IJ's credibility determinations. *Njoroge*, 709 F. App'x at 381. Unlike in *Njoroge*, however, where the substitute IJ did not find petitioner credible, IJ Baker did find Caballero-Martinez credible; ultimately, the IJ denied relief not because Caballero-Martinez was insincere in alleging hardship, but because his hardship evidence was insufficient. Here, Caballero-Martinez does not contest the IJ's credibility findings. Rather, he contests the IJ and the BIA's weighing of the evidence.

The April order indicates that the BIA did, in fact, consider Caballero-Martinez's hardship evidence; its ultimate agreement with the IJ's determination does not render its decision invalid. Because the BIA's April order relied on an uncontested credibility determination, our decision here does not conflict with our decision in *Njoroge*. Rather, *Njoroge* supports the proposition that immigration courts may use substitute IJs.

Furthermore, the use of a substitute IJ is supported by the INA's implementing regulations, which the BIA cited in the April order. The record therefore plainly contradicts Caballero-Martinez's claim that the BIA did not address his statutory or regulatory arguments in its April order. In fact, the BIA thoroughly discussed the

statutory and regulatory bases for using a substitute IJ. Specifically, the BIA cited to and quoted 8 C.F.R. § 1240.1(b) for support. Section 1240.1(b) provides that

> [i]f an immigration judge becomes unavailable to complete his or her duties, another immigration judge may be assigned to complete the case. The new immigration judge shall familiarize himself or herself with the record in the case and shall state for the record that he or she has done so.

In denying cancellation, IJ Baker complied with the regulations. At the end of his order, IJ Baker stated that he had reviewed the proceedings conducted by IJ Davis, as well as her draft decision. Caballero-Martinez has presented no evidence that IJ Baker did otherwise. Caballero-Martinez's attempt to cast doubt on IJ Baker's review by noting that his order is erroneously captioned as an oral decision is likewise unavailing. The order is a written decision regardless of its caption.

"[T]he BIA need not revisit in detail every issue raised concerning the original order." *Camacho v. Whitaker*, 910 F.3d 378, 381 (8th Cir. 2018). Rather, "the BIA's obligation is to 'consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Id.* (quoting *Camarillo-Jose v. Holder*, 676 F.3d 1140, 1143 (8th Cir. 2012)). The BIA's substantial discussion of the statutory and regulatory bases for using a substitute IJ were sufficient for our review purposes.

### B. *Additional Hardship Evidence*

Caballero-Martinez also argues the BIA erred in not remanding his case to the IJ after he submitted additional hardship evidence. In both its April and December orders, the BIA denied remand on the basis that the additional hardship evidence was unlikely to alter the outcome of the case, citing to *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992). Caballero-Martinez denies *Coelho*'s validity, claiming the BIA

abrogated *Coelho* in *In re L-O-G*, 21 I. & N. Dec. 413 (BIA 1996). Caballero-Martinez argues that, per *L-O-G*, the BIA should remand when presented with potentially worthwhile new evidence. He asks us to remand to the BIA with instructions to apply his preferred, lower standard.

"[T]he BIA's interpretation of immigration laws and regulations receives substantial deference." *Muiruri v. Lynch*, 803 F.3d 984, 986 (8th Cir. 2015). We have repeatedly upheld the BIA's application of the *Coelho* likely-to-change-the-result standard, recognizing that "the BIA will remand only if the evidence is of such a nature that the Board is satisfied that if proceedings before the IJ were reopened, with all the attendant delays, *the new evidence would likely change the result in the case.*" *Clifton v. Holder*, 598 F.3d 486, 492 (8th Cir. 2010) (emphasis added) (quoting *Berte v. Ashcroft*, 396 F.3d 993, 997 (8th Cir. 2005)); *see also Lee v. Holder*, 765 F.3d 851, 855 (8th Cir. 2014); *Vargas v. Holder*, 567 F.3d 387, 391 (8th Cir. 2009).

We specifically decline to interpret *L-O-G* as abrogating *Coelho*. Such an interpretation would conflict with our prior cases and is contrary to the *L-O-G* decision itself. The BIA in *L-O-G* explicitly distinguished *Coelho*, explaining that where, as in *Coelho*, "the alien had already had an opportunity to fully present and litigate his request for discretionary relief from deportation . . . . reopening should not be granted unless the alien had met the 'heavy burden' of showing that the new evidence presented 'would likely change the result in the case.'" *L-O-G*, 21 I. & N. Dec. at 419–20 (quoting *Coelho*, 20 I. & N. Dec. at 473). Caballero-Martinez "had an opportunity to fully present and litigate his request for discretionary relief from deportation" before the immigration court, so "reopening should not be granted unless the alien ha[s] met 'the heavy burden' of showing that the new evidence presented *'would likely change the result in the case.'*" *Id.* at 420 (emphasis added) (quoting *Coelho*, 20 I. & N. Dec. at 473).

Accordingly, we hold that the BIA applied the correct legal standard in reviewing Caballero-Martinez's request to submit additional hardship evidence.[1]

## C. *U Visa Petition*

Caballero-Martinez's final argument is that the BIA erred in its April order by declining to remand or administratively close his case to await resolution of his U Visa petition. He also claims the BIA erred in its December order by declining to reopen and reconsider his case after he submitted proof that USCIS had received his petition. Caballero-Martinez specifically argues that the BIA erroneously departed from its established policy by declining to apply "'a rebuttable presumption' in favor of delaying removal proceedings to await the adjudication of a U [V]isa," Pet'r's Br. at 20, as articulated in *Matter of Sanchez-Sosa*, 25 I. & N. Dec. 807, 815 (BIA 2012).

"We review both the denial of a motion to remand and the denial of a motion to reopen for abuse of discretion." *Clifton*, 598 F.3d at 490. "The BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Id.* at 490–91 (quoting *Vargas*, 567 F.3d at 391).

In *Sanchez-Sosa*, the BIA established a policy by articulating factors an IJ should consider in determining whether to continue removal proceedings pending the

---

[1]To the extent Caballero-Martinez challenges the BIA's underlying determination that the new evidence likely would not change the result of the case, that determination is unreviewable by this court. An appellant who "question[s] whether the BIA accurately assessed or, ultimately, gave due weight to the[] [hardship] factors . . . attacks the BIA determination that the evidence failed to show an extraordinary and extremely unusual hardship. This finding, however, is precisely the discretionary determination that Congress shielded from our review." *Nunez-Portillo v. Holder*, 763 F.3d 974, 977 (8th Cir. 2014) (cleaned up).

adjudication of a U Visa application. I. & N. Dec. at 812. IJs may grant continuances on the basis of pending U Visa petitions even though they do not have jurisdiction over U Visa petitions. *Id.* at 812. According to *Sanchez-Sosa*, IJs should consider "(1) the DHS's response to the [alien's] motion [to continue]; (2) whether the underlying visa petition is prima facie approvable; and (3) the reason for the continuance and other procedural factors." *Id.* at 812–13. As part of proving the approvability of their petition, aliens are also encouraged to provide "a receipt indicating that the petition has been submitted to the USCIS." *Id.* at 814. Where "the alien shows that he has filed a completed application before the USCIS . . . and the petition appears to meet the necessary criteria to be granted, then any delay not attributable to the alien 'augurs in favor of a continuance.'" *Id.* (quoting *Matter of Hashmi*, 24 I. & N. Dec. 785, 793 (BIA 2009). "As a general rule, there is a rebuttable presumption that an alien who has filed a prima facie approvable application with the USCIS will warrant a favorable exercise of discretion for a continuance for a reasonable period of time." *Id.* at 815. "On remand, the respondents should be given a final opportunity to provide copies of and proof regarding the filing of their application with the USCIS and to otherwise meet the criteria established in this decision for the Immigration Judge's consideration of their request for a continuance." *Id.* at 816.

A recent unpublished BIA decision suggests that, when a respondent files a motion to remand pending the adjudication of his U Visa application during the pendency of his appeal, remand to the IJ is appropriate. *See In Re: Jose Luis Gutierrez-Rodriguez A.K.A. Jose Gutierrez*, No. AXXX XX5 106 - ELO, 2016 WL 6519977, at *5 (DCBABR Sept. 26, 2016). In *Gutierrez-Rodriguez*, the BIA remanded following respondent's filing of a U Visa noting "that the Immigration Judge should have the opportunity to develop the record with regard to these considerations in issuing a new decision." *Id.*

### 1. *The April Order*

In its April order, the BIA offered two rationales for denying Caballero-Martinez's request to await adjudication of his U Visa petition: Caballero-Martinez's failure to provide an "adequate basis" for pausing removal proceedings and the BIA's lack of jurisdiction over U Visa petitions. Pet'r's Add. at 9. Though Caballero-Martinez requested either remand or administrative closure in his motion, the BIA's April order characterized Caballero-Martinez as having only requested administrative closure with respect to the U Visa petition. However, the BIA cited to both *Sanchez-Sosa*—a remand case—and *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012)—an administrative closure case—for support, suggesting the BIA considered both grounds for relief.

On appeal, the government argues that both of the bases identified by the BIA justified its decision not to remand. The government also specifically argues *Sanchez-Sosa*—and its rebuttable presumption in favor of remand—do not apply here. The government distinguishes *Sanchez-Sosa* procedurally, noting that respondent in that case requested a continuance before the IJ, while Caballero-Martinez requested administrative closure directly from the BIA. Therefore, according to the government, the applicable precedent for the BIA was *Avetisyan*.

Addressing the facts of this case, the government's views of the applicability of *Sanchez-Sosa* and *Avetisyan* are inaccurate. The record indicates that Caballero-Martinez requested *either* remand for a continuance *or* administrative closure, pending the adjudication of his U Visa petition. Therefore, the government's argument that only *Avetisyan* controls is unpersuasive.[2]

---

[2]Furthermore, *Avetisyan*'s continued validity has been called into question by *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), a recent decision by the Attorney General essentially ending the practice of administrative closure. Caballero-Martinez has indicated that he is waiving his administrative closure argument for the purpose of this appeal. We agree that resolving the question of whether the BIA properly denied administrative closure is not necessary to the resolution of this case.

-11-

We are likewise unconvinced by the government's argument that Caballero-Martinez's requesting remand for a continuance from the BIA rather than a continuance directly from the IJ prevents *Sanchez-Sosa* from controlling the result. The criminal assault against Caballero-Martinez occurred after the IJ had already issued his order. The assault—the event triggering his U Visa eligibility—occurred too late to enable Caballero-Martinez to request a continuance before the IJ. We see no distinguishing feature that would cause the principle stated in *Sanchez-Sosa*—pausing removal proceedings pending the adjudication of a petition potentially rendering removal inapplicable—to operate differently depending on whether the triggering event occurs while the case is before the IJ or before the BIA.

The government's reliance on the BIA's lack of jurisdiction over U Visa petitions as a basis for denying remand is shaky at best. In *Clifton*, we rejected the argument that a lack of jurisdiction over the underlying petition justified denying remand. 598 F.3d at 493. The question was whether "the BIA abuse[s] its discretion by refusing to remand and reopen removal proceedings solely on the ground that the BIA lacks jurisdiction over an application for adjustment of status that has been filed with and pends before USCIS," and we answered it in the affirmative. *Id.* The issues here and in *Clifton* are sufficiently similar for us to hold that to the extent the BIA declined to remand Caballero-Martinez's case due to its lack of jurisdiction over his U Visa application, it erred.

Nevertheless, the BIA did not err in denying Caballero-Martinez's motion to remand. Unlike in *Clifton*, the BIA did offer a rational and non-jurisdictional reason for denying Cabellero-Martinez's remand motion: his failure to provide the BIA with evidence of his U Visa petition's filing. It is unclear from the BIA's language whether other factors—such as DHS's opposition to the motion—influenced the BIA's determination that Caballero-Martinez had not put forward an "adequate basis" for remand. But Caballero-Martinez's failure to submit a filing receipt renders the BIA's April order affirmable.

## 2. *The December Order*

The BIA suggested in its April order that it had denied Caballero-Martinez's motion because of his failure to provide proof of his U Visa petition's filing. In response, Caballero-Martinez submitted the required Notice of Action, along with a motion to reopen and reconsider his request for remand or administrative closure. However, the BIA denied the motion in the December order, noting that "[w]hile the respondent has now included a receipt of his Form I-918 application, this does not alter the reasons for our denial of his request for administrative closure." Pet'r's Add. at 4. The BIA apparently construed Caballero-Martinez's motion to reopen and reconsider solely as requesting administrative closure, making no mention of remand for a continuance and citing no remand-specific case law.

In offering such an abbreviated explanation, the BIA failed to offer a coherent, "rational explanation" for its denial of Caballero-Martinez's motion to reopen or reconsider. *Clifton*, 598 F.3d at 490. In other words, the BIA did not "announce its decision in terms sufficient to enable [us] to perceive that it has heard and thought and not merely reacted." *Camacho*, 910 F.3d at 381 (quoting *Camarillo-Jose*, 676 F.3d at 1143. The BIA did not specify its previous reasons for denial, leaving us to infer these reasons from its previous order. Since the BIA cited both evidentiary and jurisdictional concerns in April—i.e., no filing receipt, no authority over U Visa petitions—yet declined to credit the filing receipt in December, we are left to speculate whether the BIA's "reasons for denial" in December were jurisdictional rather than evidentiary.

Rather than speculate, we remand for clarification on two interconnected issues. First, we ask the BIA to clarify its "reasons for denial" from the April decision. As noted, the BIA suggested in its April order that it denied Caballero-Martinez's motion for both evidentiary and jurisdictional reasons. Footnoted language implied the missing filing receipt was substantively decisive, but the vagueness of the main text's language—that Caballero-Martinez "ha[d] not put

-13-

forward an adequate basis to temporarily remove his case from the Board's docket or, if remanded, from the Immigration Judge's active calendar"—leaves open the possibility that his request was substantively inadequate in several respects but that the BIA only chose to highlight the missing filing receipt. Pet'r's Add. at 9. Reading the April and December orders together, the reasons for the BIA's decision not to remand pending the U Visa's adjudication are unclear.

Second, since Caballero-Martinez requested not only administrative closure but also remand, we ask the BIA to explain its decision not to apply the *Sanchez-Sosa* factors to Caballero-Martinez's remand request in its December analysis. In short, we ask the BIA to explain why it ultimately made no difference that Caballero-Martinez included a U Visa filing receipt in his renewed motion when *Sanchez-Sosa* suggests a completed application weighs in favor of pausing the removal process. 25 I. & N. Dec. at 815.

### III. *Conclusion*

The BIA's April order is affirmed. The BIA's December order is affirmed in part and remanded in part for clarification consistent with the issue raised in this opinion.

_____