# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2200
_____

Claudia Gonzales Quecheluno, Betsaida Greys Ramirez Gonzales, and Dulce Dana Ramirez Gonzales

*Petitioners*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the Board of Immigration Appeals

_____

Submitted: June 16, 2021
Filed: August 12, 2021

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Mexican nationals Claudia Gonzalez Quechuleno and her daughters, Betsaida Greys Ramirez Gonzalez and Dulce Dana Ramirez Gonzalez, petition for review of a May 2020 order from the Board of Immigration Appeals (BIA) denying their

motion to reopen and remand.[1]  Upon careful review of the record and the briefs, we grant the petition.

## I.

Petitioners applied for admission into the United States at the San Ysidro Port of Entry on December 9, 2015, and Customs and Border Protection granted them parole soon after.  The Department of Homeland Security (DHS) subsequently served Petitioners with Notices to Appear, charging them with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I), and terminated their parole status.  Petitioners conceded the charge of inadmissibility and applied for asylum, withholding of removal, and protection under the Convention Against Torture.  On June 1, 2017, after a merits hearing, an immigration judge (IJ) denied Petitioners' applications for relief and ordered them removed to Mexico.  Later that month, Petitioners applied for U nonimmigrant status (U visa) with U.S. Citizenship and Immigration Services (USCIS).  See 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14.  Petitioners then timely appealed the IJ's decision to the BIA.  While the appeal was pending, Petitioners filed a motion asking the BIA to administratively close their case to await the outcome of their U visa application.[2]

In September 2018, the BIA dismissed Petitioners' appeal and denied their motion to administratively close the proceedings.  Citing an intervening decision by the Attorney General, see Matter of Castro-Tum, 27 I&N Dec. 271, 281, 292 (AG

---

[1]Quechuleno's daughters are included as derivative beneficiaries on their mother's applications for relief.  Although the case caption lists their names as "Quecheluno" and "Gonzale*s*," the administrative record indicates the correct spellings are "Quechuleno" and "Gonzalez."  This opinion will therefore use the latter.

[2]Administrative closure is "a docket management tool . . . used to temporarily pause removal proceedings."  Matter of W-Y-U-, 27 I&N Dec. 17, 18 (BIA 2017); see also Garcia-DeLeon v. Garland, 999 F.3d 986, 989 (6th Cir. 2021) ("For at least three decades, [IJs] and the BIA regularly administratively closed cases.").

2018), overruled by Matter of Cruz-Valdez, 28 I&N Dec. 326, 326 (AG 2021), the BIA explained that it "lack[ed] authority to grant administrative closure in most cases, including this situation."[3] Admin. R. at 103. Petitioners then filed a motion relying on Matter of Sanchez Sosa, 25 I&N Dec. 807 (BIA 2012), requesting that the BIA reopen the case and remand it to the IJ so Petitioners could seek a continuance pending adjudication of their U visa application. The BIA denied that motion in May 2020, and this petition for review followed.

## II.

"We review both the denial of a motion to remand and the denial of a motion to reopen for abuse of discretion." Caballero-Martinez v. Barr, 920 F.3d 543, 549 (8th Cir. 2019) (quoting Clifton v. Holder, 598 F.3d 486, 490 (8th Cir. 2010)). "The BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the [noncitizen] or distorts important aspects of the claim." Id. (quoting Clifton, 598 F.3d at 490-91). "While it is well established that the BIA has broad discretion to grant or deny a motion to reopen, if it does not articulate a reasoned basis for rejecting the motion or fails to consider all the aspects of the petitioner's claim, it has abused its discretion." Habchy v. Filip, 552 F.3d 911, 915 (8th Cir. 2009).

---

[3]"Because Castro-Tum departed from long-standing practice" by "conclud[ing] that the immigration courts' use of the tool of administrative closure was not authorized," the Attorney General recently "overrule[d] that opinion in its entirety" and instructed IJs and the BIA to "apply the standard for administrative closure set out in [Matter of Avetisyan, 25 I &N Dec. 688 (BIA 2012)] and [Matter of W-Y-U, 27 I&N Dec. 17 (BIA 2017)]." Matter of Cruz-Valdez, 28 I&N Dec. at 326, 329.

## III.

As the BIA acknowledged, Petitioners' motion to reopen and remand sought a continuance pending the adjudication of their U visa application. See Admin. R. at 3-4. In Matter of Sanchez Sosa, the BIA "articulate[d] the factors that an [IJ] and the [BIA] should consider in determining whether a[] [noncitizen] has established good cause to continue a case involving a U nonimmigrant visa petition." 25 I&N Dec. at 807. These factors are: (1) the DHS's response to the motion to continue; (2) "whether the underlying visa petition is prima facie approvable"; and (3) the reasons given for the continuance and other procedural considerations. Caballero-Martinez, 920 F.3d at 549 (cleaned up). Here, the government has conceded Petitioners' prima facie eligibility for U visa status as well as their due diligence in seeking it. See Admin. R. at 12, 27-28.

We explained in Caballero-Martinez that the Sanchez Sosa factors "control[]" where—as here—the petitioner (1) applied for a U visa while appealing a final order of removal to the BIA and (2) subsequently "request[ed] remand for a continuance from the BIA rather than a continuance directly from the IJ." 920 F.3d at 545, 550. Accordingly, the BIA in this case had the authority either to apply the Sanchez Sosa factors itself or to remand to the IJ to determine in the first instance whether a continuance was warranted. See Sanchez Sosa, 25 I&N Dec. at 807; cf. Corea v. Garland, — F. App'x —, 2021 WL 2774260, at *6 (6th Cir. July 2, 2021) (considering whether "the BIA abused its discretion by denying [the petitioner's] request for a continuance or for a remand to the IJ for further consideration of a continuance"). It did neither. The BIA explicitly referenced the Sanchez Sosa factors but did not apply them. And despite asking the parties for supplemental briefing on the application of Caballero-Martinez to this case, the BIA asserted without further explanation that Caballero-Martinez "d[id] not require reopening." Admin. R. at 4.

Instead, in denying Petitioners' motion, the BIA noted that "USCIS has exclusive jurisdiction over the adjudication of . . . U visa petitions." Id. But both

the IJ and the BIA "may grant continuances on the basis of pending U visa petitions even though they do not have jurisdiction over U visa petitions." Caballero-Martinez, 920 F.3d at 549; see id. at 550. Thus, "to the extent the BIA declined to remand [Petitioners'] case due to its lack of jurisdiction over [their] U visa application, it erred." Id. at 550. The BIA also noted that "[b]ecause of the numerical cap, the DHS estimates that it may be 5 years or more before [Petitioners'] U visa petition is adjudicated." Admin. R. at 4. Sanchez Sosa explicitly provides, however, that "[i]f the [noncitizen] shows that he has filed a completed application before the USCIS . . . and the petition appears to meet the necessary criteria to be granted, then any delay not attributable to the [noncitizen] 'augurs *in favor* of a continuance.'" 25 I&N Dec. at 814 (emphasis added) (quoting Matter of Hashmi, 24 I&N Dec. 785, 793 (BIA 2009)). The U visa backlog is not a new phenomenon, and the BIA has on numerous occasions remanded cases to the immigration court "for consideration of whether proceedings should be continued pending a decision by USCIS on . . .[a U visa] petition," In re Ramirez-Rios, 2016 WL 1084499, at *1 (BIA Feb. 29, 2016); see also, e.g., In re Carillo, 2018 WL 1897754, at *1 (BIA Feb. 12, 2018); In re Castaneda Galindo, 2017 WL 1951525, at *1 (BIA Apr. 10, 2017); In re Rosales de la Cruz, 2016 WL 946691, at *1 (BIA Feb. 18, 2016).[4] Thus, "the backlog and slow processing time for U visas do not suffice, under the [BIA's] own rules, to justify the denial of a continuance."[5] Guerra Rocha v. Barr, 951 F.3d

---

[4]The BIA's longstanding practice of reopening proceedings and remanding to the IJ for consideration of whether continuance is warranted when a noncitizen files a U visa petition during the pendency of their appeal also undercuts the BIA's criticism in this case that Petitioners' "motion . . . does not present any new facts." Admin. R. at 4; cf. Osei v. I.N.S., 305 F.3d 1205, 1210 (10th Cir. 2002) (concluding that BIA abused its discretion when it departed from its prior practice of "evaluat[ing] motions to reopen exclusively on the factors set out in [established precedent]" without reasoned explanation). In any event, Petitioners did present a new fact because their U visa application occurred after the immigration court had already issued its decision. See 8 C.F.R. §§ 1003.2(c)(1), 1003.1(d)(iv)(A).

[5]The BIA also noted that Petitioners have already been granted an administrative stay of removal. See Admin. R. at 4. But regardless of whether Petitioners have been granted such a stay—which is within the discretion of

-5-

848, 854 (7th Cir. 2020); see also Malilia v. Holder, 632 F.3d 598, 606 (9th Cir. 2011) ("[D]elays in the USCIS approval process are no reason to deny an otherwise reasonable continuance request.").

In sum, we conclude that the BIA abused its discretion in two respects: it departed from established policy when it failed either to apply the Sanchez Sosa factors or to remand to allow the IJ do so, and it failed to provide a rational explanation for its decision, including its treatment of this court's binding precedent in Caballero-Martinez. See Caballero-Martinez, 920 F.3d at 549 (noting that the BIA "established a policy" when it set out the factors in Sanchez Sosa); Clifton, 598 F.3d at 494 (finding that the BIA abused its discretion where its "rationale for rejecting the motion to remand . . . was not relevant to the agency's then established analysis" of such motions); see also Guerra Rocha, 951 F.3d at 853; Benitez v. Wilkinson, 987 F.3d 46, 50-51, 53 (1st Cir. 2021) (holding that the BIA "must follow the Sanchez Sosa framework, or explain its reasons for applying a different standard" where the petitioner files for a U visa while appealing a final order of a removal and then asks the BIA to reopen and remand).

IV.

We grant the petition for review, vacate the BIA's May 2020 order, and remand for proceedings consistent with this opinion.

_____

Immigration and Customs Enforcement and must be periodically renewed, see 8 C.F.R. §§ 214.14(c)(1)(ii), 241.6(a), 1241.6(a)—they are entitled to a "rebuttable presumption . . . warrant[ing] a favorable exercise of discretion for a continuance" of removal proceedings because the government has conceded that they filed "a prima facia approvable" U visa application. Sanchez Sosa, 25 I&N Dec. at 815; cf. Guerra Rocha v. Barr, 951 F.3d 848, 853 (7th Cir. 2020) (criticizing the BIA for failing to "even mention the likelihood that [the petitioner's] application would be granted").