# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2405

———————————————

Wilber Antonio Rodriguez-Jerez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: February 23, 2023
Filed: March 2, 2023
[Unpublished]

————————

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

————————

PER CURIAM.

Wilber Rodriguez-Jerez, a citizen of El Salvador, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An immigration judge denied his application, and the Board of Immigration Appeals (BIA) dismissed his appeal. Rodriguez-Jerez petitions for review.

Rodriguez-Jerez challenges only the denial of asylum and withholding of removal, so we conclude that his CAT claim is waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is waived). We also conclude that he has waived review of his asylum and withholding-of-removal claims because he has failed to meaningfully challenge the agency's reasons for denying them. See, e.g., Coreas-Chavez v. Garland, 52 F.4th 413, 416 (8th Cir. 2022); Hassan v. Rosen, 985 F.3d 587, 590 n.1 (8th Cir. 2021); Njoroge v. Sessions, 709 Fed. Appx. 380, 380 & n.1, 381 (8th Cir. 2017) (per curiam).

Even if Rodriguez-Jerez had not waived review, substantial evidence supported the denial of asylum and withholding of removal. See Cano v. Barr, 956 F.3d 1034, 1038 (8th Cir. 2020) (standard of review). He did not demonstrate harm rising to the extreme level of persecution, or an objectively reasonable fear of persecution, and these determinations, alone, provided an independent reason for denying his asylum application. See id. at 1039, 1040 n.4; Lemus-Arita v. Sessions, 854 F.3d 476, 482 (8th Cir. 2017); Garcia-Colindres v. Holder, 700 F.3d 1153, 1157, 1158 (8th Cir. 2012). Because his asylum claim failed, he necessarily failed to meet the higher burden of proof for withholding of removal. See Cano, 956 F.3d at 1040.

Accordingly, we deny the petition for review.

_____