FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PEDRO VALLE-HERNANDEZ,

      Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

      Respondent.

No. 22-9588
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Pedro Valle-Hernandez petitions for review of a decision by the Board of

Immigration Appeals (BIA) denying his motion to reopen.  Exercising jurisdiction

under 8 U.S.C. § 1252(a), we deny his petition for review.

## I.      Background

Mr. Valle-Hernandez is a native and citizen of Mexico.  In 2018, the

Department of Homeland Security issued a notice to appear alleging that he was

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removable on the ground that he had not been admitted or paroled into the United States after inspection by an immigration officer. Mr. Valle-Hernandez conceded he was removable but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). An immigration judge (IJ) denied that relief, concluding that Mr. Valle-Hernandez did not demonstrate: (1) good moral character, *see* § 1229b(b)(1)(B); or (2) that his removal to Mexico would result in exceptional and extremely unusual hardship to his qualifying relatives—at that time, his four United-States-citizen sons—*see* § 1229b(b)(1)(D).

The BIA dismissed Mr. Valle-Hernandez's appeal, concluding as follows:

> We acknowledge the aggregate hardship to [Mr. Valle-Hernandez's] children if he is to be removed to Mexico, particularly if the children separate from their father and remain in the United States with their mother. However, [he] raises no arguments on appeal that persuade us to reverse the Immigration Judge's decision with respect to his failure to satisfy the hardship standard for cancellation of removal. Thus, we need not reach the Immigration Judge's finding that [Mr. Valle-Hernandez] did not demonstrate good moral character for purposes of cancellation of removal.

R. at 89. Mr. Valle-Hernandez did not petition for review of the BIA's dismissal of his appeal.

Subsequent to his hearing before the IJ, Ana Martinez—who is Mr. Valle-Hernandez's long-term partner and the mother of his four sons—adjusted her status to legal permanent resident. Mr. Valle-Hernandez and Ms. Martinez then married, after which he filed a timely motion to reopen with the BIA seeking further consideration of his application for cancellation of removal. He noted that Ms. Martinez was a newly qualifying relative, in addition to his children, for

purposes of cancellation of removal, and he submitted evidence of hardship to Ms. Martinez that would result from his removal.

The BIA denied the motion, concluding that Mr. Valle-Hernandez's new evidence did not alter its conclusion that he had not demonstrated a prima facie case of exceptional and extremely unusual hardship to his qualifying relatives. It stated that, "[c]onsidering that the evidence supporting the motion is not likely to change the outcome of the proceedings, it does not warrant a new hearing." *Id.* at 4.

## II.    Discussion

The BIA's denial of a motion to reopen is "a final, separately appealable order," and for purposes of a petition for review is "the functional equivalent of and analogous to" a final removal order. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361, 1362 (10th Cir. 2004) (internal quotation marks omitted). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Id.* at 1362. "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation omitted). The BIA also abuses its discretion by committing a legal error. *See Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017).

### A.    Jurisdiction

In his motion to reopen, Mr. Valle-Hernandez sought reopening and a remand to the IJ to reevaluate his eligibility for cancellation of removal under § 1229b(b)(1). Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review "any

3

judgment regarding the granting of relief under" § 1229b.  Section 1252(a)(2)(B)(i) also precludes us from "review[ing] the BIA's denial of a motion to reopen because the alien still has failed to show the requisite hardship."  *Alzainati v. Holder*, 568 F.3d 844, 849 (10th Cir. 2009).

But 8 U.S.C. § 1252(a)(2)(D) preserves our jurisdiction to review "questions of law" even when § 1252(a)(2)(B)(i) otherwise precludes our jurisdiction.  *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1182 (10th Cir. 2020).  A petitioner can raise a reviewable question of law "(1) by advancing a statutory-construction argument, or (2) by disputing the application of a legal standard to undisputed or established facts."  *Id.* (citation and internal quotation marks omitted).

In his petition for review, Mr. Valle-Hernandez first argues that the BIA erred by requiring him to demonstrate a prima facie case for relief by presenting evidence that would likely change the outcome of the proceedings.  He contends that this requirement has no statutory basis in, and conflicts with, the requirements of 8 U.S.C. § 1229a(c)(7), which governs motions to reopen, and also conflicts with BIA caselaw.  Because his argument involves statutory construction and a challenge to the legal standard the BIA applied in denying his motion to reopen, we conclude it raises reviewable questions of law under § 1252(a)(2)(D).  *See Galeano-Romero*, 968 F.3d at 1182; *id.* at 1184 (holding that whether the BIA followed its own precedent presents a question of law).

Mr. Valle-Hernandez's second contention is that the BIA failed to consider the aggregate and cumulative hardship to his wife and children, contrary to its own

4

caselaw. This, too, raises a reviewable question of law. *See id.* at 1184. We therefore conclude that we have jurisdiction to review both propositions raised in Mr. Valle-Hernandez's petition for review.

### B.    Failure to Exhaust First Proposition

The government argues that Mr. Valle-Hernandez did not exhaust before the BIA his first proposition—that the BIA applied an incorrect legal standard in denying his motion to reopen. Under 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."[1] "It is a fundamental principle of administrative law that an agency must have the opportunity to rule on a challenger's arguments before the challenger may bring those arguments to court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023). In the immigration context, "[i]t is not enough to go through the procedural motions of a BIA appeal, or to make general statements in the notice of appeal to the BIA, or to level broad assertions in a filing before the Board." *Id.* (internal quotation marks omitted). Rather, "[t]o satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Id.*

In his motion to reopen, Mr. Valle-Hernandez set forth the law governing motions to reopen. R. at 14-16. He quoted the provisions governing such motions in

---

[1] Mr. Valle-Hernandez does not contest the applicability of the statutory exhaustion requirement in § 1252(d)(1) to his motion to reopen filed with the BIA.

8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2(c)(1). R. at 14-15. And he cited *INS v. Abudu*, 485 U.S. 94, 104-05 (1988), *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (B.I.A. 1992), and this court's decision in *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003), as defining the three grounds on which the BIA can reasonably deny a motion to reopen, including the failure to establish a prima facie case for the relief sought. R. at 15-16. Mr. Valle-Hernandez stated that, although *Coelho* was decided before Congress enacted § 1229a(c)(7), "these three grounds for denial remain the relevant considerations." *Id.* He did not assert any conflict between § 1229a(c)(7) and *Abudu*, *Coelho*, or *Mickeviciute*.

Mr. Valle-Hernandez now argues that the BIA erred by denying his motion based upon outdated legal standards—in particular the requirement to demonstrate a prima facie case for relief—that conflict with the subsequently enacted statutory language governing motions to reopen. He maintains that, to obtain reopening, he was only required to state the new facts to be proven at a hearing, supported by material evidence that was not previously available or discoverable. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). Mr. Valle-Hernandez did not exhaust this contention in his motion to reopen filed with the BIA. Rather, he acknowledged that *Coelho*'s three grounds for denial of such a motion—including demonstrating a prima facie case for relief—"remain the relevant considerations." R. at 16.

Mr. Valle-Hernandez also contends that the standard the BIA applied in denying his motion conflicts with the BIA's own caselaw. He asserts that the BIA erred by requiring him "to conclusively establish" that the new facts he alleged

6

would change the outcome in his case.  Pet'r's Opening Br. at 8 (citing R. at 4).  The

BIA did not use this terminology.  It concluded that "the evidence supporting the

motion is *not likely to* change the outcome of the proceedings."  R. at 4 (emphasis

added).  Mr. Valle-Hernandez argues the BIA erred in relying on *Matter of F-S-N-*,

28 I. & N. Dec. 1, 3 (B.I.A. 2020), for this standard, *see* R. at 4, because that case

relied on the "outdated" decisions in *Abudu* and *Coehlo*, Pet'r's Opening Br. at 16.

But as noted, he did not argue in his motion to reopen that the standards set forth in

*Abudu* and *Coelho* are no longer applicable to such motions.

Mr. Valle-Hernandez further contends that to demonstrate a prima facie case

for relief he was only required to satisfy the standard in *In re L-O-G-*, 21 I. & N. Dec.

413, 418-19 (B.I.A. 1996) (en banc), in which the BIA noted it had "been willing to

reopen where the new facts alleged, when coupled with the facts already of record,

satisfy us that it would be worthwhile to develop the issues further at a plenary

hearing on reopening," *id.* at 419 (internal quotation marks omitted).  The BIA stated

that "[b]y finding that an alien has made out a prima facie case of . . . hardship,"

it was "deciding only that there is a reasonable likelihood that the statutory

requirements for the relief sought have been satisfied, and that there is a reasonable

likelihood that relief will be granted in the exercise of discretion."  *Id.*

Mr. Valle-Hernandez did not cite *L-O-G-* or this reasonable-likelihood

standard in his motion to reopen.  He asserts in his reply brief that, while he knew he

was required to establish a prima facie case for relief, he neither knew nor should

7

have known that the BIA would require him to demonstrate that his new evidence was likely to change the outcome of his proceedings.  We are not persuaded.

The IJ and the BIA apply the law of the circuit in which the IJ sits.  *See Ballesteros v. Ashcroft*, 452 F.3d 1153, 1157 (10th Cir. 2006), *adhered to in relevant part on reh'g*, 482 F.3d 1205 (10th Cir. 2007).  This court has not decided in a published decision whether *L-O-G-*'s reasonable-likelihood standard applies to a prima facie case for relief in all motions to reopen.  Our authoritative caselaw states that "[t]o merit reopening" the movant's "new facts . . . must demonstrate that 'if proceedings before the IJ were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case.'"  *Maatougui v. Holder*, 738 F.3d 1230, 1239-40 (10th Cir. 2013) (brackets omitted) (quoting *Coehlo*, 20 I. & N. Dec. at 473).  Thus, Mr. Valle-Hernandez had reason to know that the BIA would apply that standard in deciding his motion to reopen—and reason to challenge that standard if he believed it was erroneous.  Moreover, the BIA has not clarified when the reasonable-likelihood standard applies, and our sister circuits are not in agreement on the issue.[2]  Consequently, there is all the more reason why this court

---

[2] *See, e.g.*, *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1178-79 (9th Cir. 2023) (clarifying confusion in caselaw; holding reasonable-likelihood standard applies when addressing prima facie grounds for relief); *Parada-Orellana v. Garland*, 21 F.4th 887, 893-94 (5th Cir. 2022) (holding agency correctly applied reasonable-likelihood standard in assessing prima face case for relief); *Caballero-Martinez v. Barr*, 920 F.3d 543, 548 (8th Cir. 2019) (construing *L-O-G-* as holding that *Coehlo*'s likely-change-the-result standard applies to a motion to reopen based on new evidence where noncitizen had previous opportunity to litigate request for relief before the IJ); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 319-21 (6th Cir.
(continued)

8

should not deprive the agency of an opportunity to apply its expertise in considering and ruling on the issue. *See Garcia-Carbajal*, 625 F.3d at 1237.

In sum, we decline to consider Mr. Valle-Hernandez's first proposition because he did not exhaust it before the BIA in his motion to reopen.

### C.    Aggregate Hardship

Mr. Valle-Hernandez also argues the BIA failed to consider the aggregate hardship to his wife and children, contrary to its own caselaw. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64 (B.I.A. 2001) (en banc) ("[A]ll hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship."). He notes that, in denying his motion to reopen, the BIA did not discuss the evidence of hardship to his children. Mr. Valle-Hernandez therefore asserts that the BIA focused its analysis exclusively on the new evidence of hardship to his wife.

The record does not support this contention. The BIA concluded that Mr. Valle-Hernandez's new evidence did not alter its previous conclusion that he had "not demonstrated a prima facie case of exceptional and extremely unusual hardship

---

2018) (appearing to equate reasonable-likelihood standard with *Coehlo*'s likely-change-the-result standard); *Perez v. Holder*, 740 F.3d 57, 62 (1st Cir. 2014) (rejecting contention BIA conflated the reasonable-likelihood and likely-change-the-result standards where demonstrating materiality required latter showing); *Kay v. Ashcroft*, 387 F.3d 664, 674 (7th Cir. 2004) (stating that the reasonable-likelihood standard applies to a motion to reopen seeking previously unavailable relief); *Sevoian v. Ashcroft*, 290 F.3d 166, 173 (3d Cir. 2002) (applying reasonable-likelihood standard to prima facie case for reopening).

to his qualifying *relatives*." R. at 3 (emphasis added). Citing *Monreal-Aguinaga*, the BIA concluded that "[t]he alleged potential economic hardship [was] not dissimilar from the hardship *families* generally experience when a noncitizen is removed." *Id.* (emphasis added). It also acknowledged Mr. Valle-Hernandez's "concern for his *wife and children*," and specifically stated it had "consider[ed] all relevant factors *in the aggregate*," again citing *Monreal-Aguinaga*. *Id.* (emphasis added). That the BIA did not discuss all of the hardship evidence does not demonstrate that it failed to consider it. *See Maatougui*, 738 F.3d at 1242 (noting the brevity of an order did not demonstrate a failure to review the facts in the case). Mr. Valle-Hernandez fails to show that, contrary to its own caselaw, the BIA did not assess the aggregate evidence of hardship to all of his qualifying relatives.[3]

## III.    Conclusion

We deny Mr. Valle-Hernandez's petition for review.

Entered for the Court

Jerome A. Holmes
Chief Judge

---

[3] Mr. Valle-Hernandez also argues that the BIA engaged in de novo fact-finding contrary to 8 C.F.R. § 1003.1(d)(3)(i). To the extent this contention is not tethered to his unexhausted first proposition and we therefore may address it, we hold that he fails to sufficiently develop the argument. *See Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (declining to consider contentions not adequately developed in opening brief). Although Mr. Valle-Hernandez asserts that fact-finding by the BIA was "inevitabl[e]," Pet'r's Opening Br. at 22, he fails to point to any de novo fact-finding in its decision.