# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2106

_____

Maulikbhai Ramabhai Chaudhari

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 17, 2026
Filed: April 22, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.

_____

PER CURIAM.

Indian citizen Maulikbhai Ramabhai Chaudhari petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his motion to

_____

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi. Federal Rule of Appellate Procedure 43(c)(2).

reopen removal proceedings and denying his motion to remand. We deny the petition for review.

Chaudhari entered the United States without inspection in 2019. The Department of Homeland Security initiated removal proceedings against him that November, charging him with removability because he arrived without a valid immigrant visa or other valid entry document. While represented by counsel, Chaudhari applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming he had been persecuted in India because he had campaigned against the ruling Bharatiya Janata Party. In April 2024, Chaudhari terminated his then-counsel's representation and retained Mazher M. Shah-Khan. In May, after a hearing on the merits, the immigration judge (IJ) found Chaudhari not credible, denied his applications for relief and protection from removal, and ordered him removed to India. Chaudhari did not appeal the decision to the BIA, making the IJ's order the final order of removal. *See* C.F.R. § 1241.1(b)-(c).

In August 2024, Chaudhari filed with the IJ a counseled motion to reopen the removal proceedings so he could seek a continuance pending adjudication of a petition for U nonimmigrant status (U-Visa). *See* 8 U.S.C. § 1101(a)(15)(U) (establishing visa eligibility for victims of qualifying crimes who assist law enforcement). Chaudhari did not include with his motion any proof, such as a "Notice of Action," indicating that his U-Visa application had been received by the United States Citizenship and Immigration Services (USCIS), but submitted a "U-Visa Supplement B Certification"--a part of the U-Visa application--from the Chattanooga Police Department. *See* 8 U.S.C. § 1184(p)(1) (noncitizen seeking U-Visa must file petition containing "certification from a . . . law enforcement official . . . . [and] state that the alien 'has been helpful, is being helpful, or is likely to be helpful' in the investigation or prosecution of criminal activity"). The government opposed the motion. The IJ denied it on August 26, finding that Chaudhari had not established a likelihood of success in obtaining a U-Visa, the government opposed

the motion, and the motion was speculative. Chaudhari appealed the denial to the BIA, and included for the first time the Notice of Action indicating a U-Visa petition had been filed with USCIS.

While that appeal was pending, Chaudhari filed with the BIA a counseled motion to remand based on Shah-Khan's alleged ineffective assistance of counsel, arguing that counsel only informed him of his merits hearing date 2 days in advance, and thus failed to prepare him to testify in support of his asylum application; and did not inform him he had 30 days to appeal the IJ's May 2024 decision denying him relief and protection from removal. He also asserted that his counsel's ineffectiveness resulted in a due process violation and prejudice, and requested the BIA exercise its sua sponte authority to allow him to apply for cancellation of removal because he had "a serious and strong case" for the relief, apparently referring to the recent birth of a daughter.

In a single, detailed decision dated May 7, 2025, the BIA affirmed the IJ's August 2024 denial of the motion to reopen and dismissed the appeal, and denied the motion to remand in the first instance. Regarding reopening, the BIA agreed with the IJ that the granting of a U-Visa was speculative, noting in particular that Chaudhari had not attached any proof showing the U-Visa petition had been filed or received by USCIS. Turning to the motion to remand, the BIA held that, while Chaudhari complied with the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), he failed to demonstrate he suffered any prejudice: even assuming Chaudhari's allegations of ineffective assistance were true, he did not explain how his former counsel's ineffectiveness resulted in the IJ's adverse credibility determination. The BIA further concluded that remand for the purpose of pursuing cancellation of removal was not warranted, as Chaudhari did not attach an application for the relief, point to other evidence establishing his prima facie eligibility for the relief, or explain how counsel's ineffectiveness prevented him from applying for the relief. This petition followed.

-3-

Chaudhari argues that the BIA: abused its discretion and ignored its own precedent when it affirmed the IJ's denial of his motion to reopen without considering whether the Chattanooga Police Department's certification established prima facie eligibility for a U-Visa; failed to consider all of his *Lozada* evidence and did not resolve factual ambiguities in the evidence; did not assess whether proper hearing preparation by his former counsel would have refreshed his memory regarding the relevant facts; applied an improperly narrow prejudice standard; and erred in declining to permit him to apply for cancellation of removal because his ability to apply for the relief was impeded by former counsel's deficient performance.

"We review both the denial of a motion to remand and the denial of a motion to reopen for abuse of discretion." *Caballero-Martinez v. Barr*, 920 F.3d 543, 549 (8th Cir. 2019). "The BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Id.* The BIA's decision is the final agency action; however, to the extent the BIA adopted the IJ's reasoning or findings, this court also reviews the IJ's decision as part of the final agency action. *See Davila-Mejia v. Mukasey*, 531 F.3d 624, 627 (8th Cir. 2008).

We conclude that the BIA adhered to its established policies and exercised appropriate discretion when it declined to remand for a continuance, as Chaudhari failed to demonstrate before the IJ that a prima facie approvable U-Visa application had been filed with USCIS. *See Matter of Sanchez-Sosa*, 25 I. & N. Dec. 807, 815 (BIA 2012) (articulating factors the agency should consider in determining whether to continue removal proceedings pending the adjudication of a U-Visa: (1) whether the underlying U-visa petition is prima facie approvable; (2) the government's response to the motion to reopen; and (3) the reason offered for the requested continuance); *see also Lee v. Holder*, 765 F.3d 851, 855 (8th Cir. 2014) (stating BIA may deny motion to reopen based on new evidence if noncitizen fails to establish a

prima facie case for the relief sought, noncitizen fails to introduce previously unavailable, material evidence, or BIA determines that even if requirements were satisfied, movant would not be entitled to the discretionary grant of relief sought). While the record shows that Chaudhari ultimately provided the BIA with proof of his U-Visa's filing, we conclude he waived the opportunity to argue that the BIA should have considered the filing because he did not raise it on appeal. *See Caballero-Martinez v. Barr*, 920 F.3d 543, 549-50 (8th Cir. 2019) (discussing *Sanchez-Sosa*; concluding BIA's denial of motion to remand based on noncitizen's pending U-Visa adjudication was rational where noncitizen failed to provide evidence of U-Visa petition's filing); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (concluding claim not raised or meaningfully argued in opening brief is waived).

We also conclude that the BIA appropriately disposed of the motion to remand based on ineffective assistance of counsel. First, we disagree that the BIA did not consider all of the evidence Chaudhari presented in support of his claim. The record shows that the BIA considered the evidence, but did not need to resolve any factual ambiguities because it assumed the allegations were true when it determined Chaudhari failed to show he suffered any prejudice. *See Pascual-Miguel v. Garland*, 89 F.4th 657, 661 (8th Cir. 2023) (even where BIA acknowledged that attorney's performance was presumptively deficient under *Lozada*, concluding noncitizen claiming ineffective assistance of counsel must demonstrate counsel's deficient performance actually prejudiced the outcome of the removal proceedings). We also disagree with Chaudhari's contention that the BIA applied too narrow of a prejudice standard and should have assessed whether proper hearing preparation by counsel would have refreshed his memory. The burden was on Chaudhari to show that his counsel's inadequate performance "may well have resulted in a deportation that would not otherwise have occurred," and he did not explain how his testimony would have otherwise been consistent and credible. *See Pascual-Miguel*, 89 F.4th at 661 (stating noncitizen must show that attorney's performance was "so inadequate that it

may well have resulted in a deportation that would not otherwise have occurred") (citation and internal quotations omitted); *Obleshchenko v. Ashcroft*, 392 F.3d 970, 972-73 (8th Cir. 2004) (to determine whether noncitizens demonstrated prejudice, this court asks if there is a reasonable probability that the IJ would have altered its judgment had noncitizens been represented by what they considered to be competent counsel); *see also Singh v. Lynch*, 803 F.3d 988, 994 (8th Cir. 2015) (agreeing with the BIA that a noncitizen's inconsistent testimony and problematic demeanor were not "caused or affected" by counsel's alleged failures).

Finally, we discern no error in the BIA's rejection of Chaudhari's request to remand so he could apply for cancellation of removal because he did not establish he was prima facie eligible for the relief. *See Berte v. Ashcroft*, 396 F.3d 993, 997 (8th Cir. 2005) (noting BIA will remand only if the new evidence "would likely change the result in the case") (citation omitted); *Lee*, 765 F.3d at 855 (stating BIA may deny motion to reopen based on new evidence if noncitizen fails to establish a prima facie case for the relief sought).

Accordingly, we deny the petition for review.

_____